IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NORMAN C. USIAK, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-10-2374 |
| ROBERT I. BROWN, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Norman Usiak ("Usiak"), brings this action against the State of Maryland, the Department of General Services Police Department, Officer Robert I. Brown, Officer Anthony Carr, and Security Officer Elizabeth Quinn (collectively "Defendants"), alleging various constitutional and common law violations arising out of his June 1, 2007 arrest after he failed to provide photographic identification prior to entering the Robert C. Murphy Courts of Appeal Building in Annapolis, Maryland. At base, his complaint stems from his assertion that the State of Maryland "promulgated and enforced a policy whereby countless individuals (including Plaintiff Usiak) were illegally required to produce a photo identification in order to enter the Courts of Appeals [sic] Building." Am. Compl. ¶ 8. On September 2, 2010, Defendants moved to dismiss Usiak's Complaint with prejudice (ECF No. 6). After briefing was complete on the motion to dismiss, on November 17, 2010, Usiak filed an Amended Complaint (ECF No. 14), which Defendants subsequently moved to strike (ECF No. 15). By Letter Order of June 20, 2011, this Court denied Defendants'

1

motion to strike, and granted Usiak leave to file an amended complaint (ECF No. 21). Pursuant to that Order, the Defendants' original motion to dismiss remained pending. The parties' have each filed supplemental briefs with respect to the original motion to dismiss. This Court has reviewed the record, as well as the pleadings and exhibits, and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). This Court finds that Usiak has failed to state a cause of action on which relief may be granted, and that further amendment to Plaintiff's complaint would be futile. Accordingly, for the reasons that follow, Defendants' Motion to Dismiss (ECF No. 6) is GRANTED, and this case is DISMISSED WITH PREJUDICE.

## BACKGROUND

In ruling on a motion to dismiss, the factual allegations in the plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

On June 1, 2007, Usiak entered the Robert C. Murphy Courts of Appeal Building in Annapolis, Maryland. Am. Compl. ¶ 10. Usiak is an attorney, and apparently had business at the courthouse. Upon entering, Security Officer Quinn asked Usiak to sign a register and to produce photo identification. *Id.* at ¶ 12. Usiak signed the register, but refused to produce photo identification. *Id.* Usiak was denied entry beyond the security checkpoint at the entrance to the building, and thereafter demanded to speak with a supervisor. The unidentified supervisor advised Usiak "that he could not enter the building without displaying photo identification." *Id.* Usiak states that he then "proceeded to file his briefs

and record extracts," *id.* at ¶ 13, apparently in contravention of the security officers' demands for photo identification.

Security Officer Quinn then called the Department of General Services ("DGS") to advise them of the security breach. DGS Officers Brown and Carr located Usiak in the Courts of Appeal Building, and again requested that he produce photo identification. Usiak again refused, and according to Usiak:

> Defendant Brown forcefully grabbed Usiak's upper arm and pulled him from the office. Usiak was thereafter handcuffed and questioned. After several minutes Usiak was ushered (still handcuffed behind his back) through the courthouse to a police cruiser parked in front of the court building. Defendants Brown and Carr thereafter maintained illegal custody of Usiak until he was released several hours later by a District Court Commissioner who found no probable cause for the warrantless arrest."

*Id.* at ¶ 13.

Among his various allegations concerning the deprivation of his constitutional rights, Usiak also asserts claims against the Defendants for assault, battery, false imprisonment, false arrest, negligence, conversion, negligent hiring, respondeat superior, and malicious prosecution. *See* Am. Compl. Counts I through XV. Defendants argue that, "[h]aving never received any authority to enter the premises beyond the security point, [Usiak's] arrest was supported by probable cause," and he therefore fails to state a cause of action on which relief may be granted.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state

a claim upon which relief can be granted; therefore, "the purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). However, this Court "need not accept the legal conclusions drawn from the facts, and [this Court] need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Nemet v. Chevrolet, Ltd. V. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (internal quotation marks and citation omitted).

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Simmons v. United Mort. and Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. Jan. 21, 2011); *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Supreme Court has explained that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Ashcroft v. Iqbal*, __ U.S. __, 129 S.

Ct. 1937, 1949 (2009). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.* at 1950.

ANALYSIS

As previously mentioned, the crux of Usiak's complaint is his assertion that the State of Maryland "promulgated and enforced a policy whereby countless individuals (including Plaintiff Usiak) were illegally required to produce a photo identification in order to enter the Courts of Appeals [sic] Building." Am. Compl. ¶ 8. Put simply, requiring photo identification of persons entering a government building does not constitute a constitutional violation, and Usiak's complaint is utterly without merit.

In *Foti v. McHugh*, the United States Court of Appeals for the Ninth Circuit addressed a similar set of complaints. In affirming the district court, the Ninth Circuit concluded:

> Appellants contend that the U.S. Marshals Service and Federal Protective Service, as well as the individual security officers, violated Appellants' constitutional rights by refusing them access to the federal building . . . . The district court properly dismissed Appellants' lawsuit for failure to state a claim because Appellants do not have a constitutional right to enter the federal building anonymously. [Citations omitted]. Because the government's identification policy does not violate Appellants' constitutional rights, we do not need to address whether the district court properly dismissed Appellants' claims for injunctive relief against the agencies on the basis of sovereign immunity. Additionally, the officers' removal of Foti from the federal building constituted a reasonable seizure, as Foti had attempted to enter the building without complying with the officers' orders.

5

247 Fed. App'x 899, 901 (9th Cir. 2007) (unpublished). Consistent with the Ninth Circuit's ruling, it has been well recognized that a simple request for identification does not implicate the Fourth Amendment to the United States Constitution. "[A] request for identification by the police does not, by itself, constitute a Fourth Amendment seizure." *Gilmore v. Gonzales*, 435 F.3d 1125, 1137 (9th Cir. 2006) (quoting *INS v. Delgado*, 466 U.S. 210, 216 (1984)); *see also California v. Byers*, 402 U.S. 424, 432 (1971) ("disclosure of name and address is an essentially neutral act").

Here, Usiak did not comply with a request to show photo identification and was arrested for that refusal. Usiak has not alleged that he does not have photo identification— indeed, after his arrest, his driver's license was found in his pants pocket. Moreover, Usiak has offered no reason whatsoever for his failure to comply with the courthouse security officers routine request for photo identification. Parsing his complaint, it becomes evident that Usiak is apparently under the erroneous belief that his status as an attorney doing business in the courthouse somehow exempts him from having to show identification. Nevertheless, Usiak has alleged no facts tending to show that he was singled out, or treated any differently from every other person visiting the Courts of Appeal Building, and therefore has alleged no facts tending to show that his constitutional rights were violated.[1]

---

[1] In addition to his claims arising under the United States Constitution, Usiak has asserted various claims under the Maryland Declaration of Rights. With respect to those claims, the Court of Appeals of Maryland has "often commented that . . . state constitutional provisions are *in pari materia* with their federal counterparts." *Dua v. Comcast Cable of Md., Inc.*, 805 A.2d 1061, 1071 (Md. 2002); *see also Miller v. Prince George's County*, 475 F.3d 621, 631 n.5 (4th Cir. 2007). As such, this Court's federal constitutional analysis applies equally to Usiak's corresponding state constitutional claims, and as a result, those claims must be dismissed as there was no underlying constitutional violation.

Usiak's arrest and subsequent ejection from the Courts of Appeal Building was therefore a reasonable and legitimate means of enforcing the court's security-informed photo identification policy. It is well-established that "[t]he Fourth Amendment prohibits law enforcement officers from making unreasonable seizures, and seizure of an individual effected without probable cause is unreasonable." *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996). "In assessing the existence of probable cause, courts examine the totality of the circumstances known to the officer at the time of the arrest." *Taylor v. Waters*, 81 F.3d 429, 434 (4th Cir.1996). More specifically, the circumstances known to the officer at the time of arrest include "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing . . . that the suspect has committed, is committing, or is about to commit an offense." *Pritchett v. Alford*, 973 F.2d 307, 314 (4th Cir. 1992) (quoting *Michigan v. De Fillippo*, 443 U.S. 31, 37 (1979.

Here, it was objectively reasonable for the police to arrest Usiak after he disobeyed the security officer's demand for photo identification, proceeded to conduct his business in the courthouse in contravention of that demand, and again refused to comply with the identification requirement when the DGS police arrived on the scene. Usiak has pled no facts supporting his conclusory argument that there was no reasonable basis for his arrest. Instead, Usiak's tendentious refusal to show his photo identification gave the security officers sufficient probable cause to arrest him and order his removal from the building.

Alternatively, even if Usiak's rights were somehow violated, Defendants' actions are protected by statutory and qualified immunity. Each will be addressed in turn below.

7

*Statutory Immunity*

Defendants claim that they are entitled to qualified statutory immunity under Maryland law. The Defendants claim immunity under the Maryland Tort Claims Act ("MTCA"), Md. Code Ann., State Gov't §§ 12-101, *et seq.*

The MTCA serves as a limited waiver of sovereign immunity and it provides the sole means by which the State of Maryland and its personnel may be sued in tort. The statute grants immunity to state personnel "from liability in tort for a tortious act or omission that is within the scope of [their] public duties . . . and is made without malice or gross negligence . . . ." MD. CODE ANN., CTS & JUD. PROC. § 5-522(b).

Under state statutory immunity, the protection afforded is of a qualified nature—that is, defendants are shielded from liability as long as they act without malice. Under Maryland law, "malice" is defined by reference to "actual malice," as "an act without legal justification or excuse, but with an evil or rancorous motive influenced by hate, the purpose being to deliberately and willfully injure the plaintiff." *Shoemaker v. Smith*, 353 Md. 143, 163 (1999) (quoting *Leese v. Baltimore County*, 64 Md. App. 442, 480 (1985)). Plaintiffs asserting malice are held to a high pleading standard that may not be satisfied by conclusory allegations. *See Elliott v. Kupferman*, 58 Md. App. 510, 528 (1984) ("[m]erely asserting that an act was done maliciously, or without just cause, or illegally, or for improper motive does not suffice. To overcome a motion raising governmental immunity, the plaintiff must allege with some clarity and precision those facts which make the act malicious); *Hovatter v. Widdowson*, No. CCB-03-2904, 2004 WL 2075467, at *7 (D. Md. Sept. 15, 2004) ("although the amended

8

complaint repeatedly states that all of the defendants acted with malice towards [Plaintiff] . . . these bare legal conclusions are not binding on the court.").

Here, despite the fact that Usiak repeatedly states in his Amended Complaint that the various Defendants acted maliciously, there is absolutely no evidence supporting his conclusory allegations. Usiak fails to allege sufficient facts tending to show that any of the Defendants even acted in an unreasonable manner, let alone that they acted with actual malice. Usiak has not satisfied the high pleading standard required to defeat the Defendants assertion of statutory immunity under the MTCA.

**Qualified Immunity**

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity ensures that "[o]fficials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008). In determining whether an officer must be afforded qualified immunity, courts have traditionally engaged in a two-step analysis. *Wilson v. Layne*, 526 U.S. 603, 609 (1999). First, a court determines whether a constitutional right has been violated. Second, "assuming that the violation of the right is established, courts must consider whether the right was clearly established at the time such that it would be clear to an objectively reasonable officer that his conduct violated that right." *Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir.2002) (citing *Saucier v. Katz*, 533 U.S. 194 (2001)). The United States Supreme Court has recently modified this

approach in order to make it more flexible; courts no longer have to consider the two prongs of the analysis sequentially, but may now review them in the order deemed to be most efficient. *Pearson v. Callahan*, 555 U.S. 223 (2009) ("[t]he judges of the district courts and courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand").

As discussed above, Usiak has not established that the Defendants violated his constitutional rights. Accordingly, this Court need not determine whether Usiak's rights allegedly violated by the Defendants were clearly established. Usiak's arrest and subsequent detention were lawful, supported by probable cause, and clearly within the bounds of constitutionally acceptable behavior. To the extent that Usiak complains about the degree of force used by the officers to arrest and detain him, he has not pled facts tending to show that the force used was anything but reasonable. A claim citing the use of excessive force during the course of an arrest is analyzed under the Fourth Amendment's "objective reasonableness standard." *Orem v. Rephann*, 523 F.3d 442, 445-46 (4th Cir. 2008). Under this standard, reviewing courts observe that while "not every push or shove, even if it may later seem unnecessary is serious enough to entail a deprivation of a constitutional right," a claim may succeed if the arresting officers' conduct is found to be "wanton, sadistic, and not a good faith effort to restore discipline." *Id.* at 447 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). While constitutional violations of excessive force may be sustained even if the injury complained of is *de minimus*, the Supreme Court has stated that the proper inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or

maliciously and sadistically to cause harm." *Wilkens v. Gaddy*, __ U.S. __, 130 S. Ct. 1175, 1178 (2010) (internal quotation marks and citation omitted). Finally, This Court has recently noted that routine handcuffing with minor affiliated injuries does not amount to excessive force. *Roberts v. Durst*, No. AW-09-1385, 2010 WL 3703296, at *4-5 (D. Md. Sept. 16, 2010).

Usiak's conclusory allegations surrounding his arrest and detention are unsupported and it is clear that his constitutional rights were not violated. Even if his rights were somehow violated, the Defendants' are immune from suit under qualified and statutory immunity. The Defendants' actions were a direct result of Usiak's own refusal to show his photo identification in contravention of courthouse policy. Usiak's Amended Complaint fails to state any facts in support of his allegations that the Defendants violated his constitutional rights and committed tortious acts against him.

**Dismissal With Prejudice**

This Court dismisses Plaintiff's Amended Complaint (ECF No. 14) with prejudice. In *Forman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court of the United States held that "repeated failure to cure deficiencies by amendments previously allowed" and "futility of amendment" are sufficient reasons for denying a request for leave to amend. *See also U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir.2008) (holding that the court has discretion to determine if further amendment would be futile and to dismiss with prejudice); *Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630 (4th Cir.2008) (holding that dismissal with prejudice was warranted where "amendment would be futile in light of the

[complaint's] fundamental deficiencies"); *Ganey v. PEC Solutions, Inc.*, 418 F.3d 379, 391 (4th Cir.2005) (affirming a denial of leave to amend where any amendment would be futile).

Here, dismissal with prejudice is appropriate. Plaintiff has no presently pending motion for leave to amend and a previous amendment did not cure the fundamental deficiencies of his Complaint. Plaintiff continues to rely on conclusory allegations and boilerplate recitations of the elements of his causes of action. Moreover, to the extent that Usiak could further amend his Complaint to set forth valid causes of action, it is clear that the Defendants are immune from suit under the doctrine of qualified immunity and under the Maryland Tort Claims Act. Accordingly, further amendment would be futile, and Usiak's Amended Complaint must be dismissed with prejudice.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (ECF No. 6) is GRANTED, and this case is DISMISSED WITH PREJUDICE.

A separate Order follows.


Dated:     August 23, 2011                    /s/
                                              Richard D. Bennett
                                              United States District Judge